UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA J. GILLARD<br>　　　　Plaintiff<br><br>v.<br><br>SOUTHERN NEW ENGLAND SCHOOL OF LAW<br>　　　　Defendant | DOCKET NO. 05-10244-RCL |

**RULE 16.1 JOINT STATEMENT**

I.   **SUMMARY OF POSITIONS**

　　A.　　**Plaintiff**

Under the **American Disabilities Acts of 1990**, the Plaintiff's (Gillard) learning disability was grossly worsened because the Defendants (Southern New England School of Law) violated the Plaintiff's civil rights with an academic dismissal based of poor academic performance (a diagnosed learning disability) and nature of circumstances (defamation) on June 26, 2003.

　　　　1.　　Under the **ADA Rules**, the Plaintiff (Gillard) is an adult disabled learner with a visual encoding disorder, weakness of memory, visual organization and speed, and ADD. Under the ADA laws, a person with a disability is defined as anyone with a mental or physical impairment that substantially limits one or more major life activities like breathing, hearing, seeing, speaking, walking, working, and learning. A person is considered to have a disability if there is a record of the specific disability. The Defendants (SNESL) were aware of a potential learning

disability in terms of low test scores because of the Plaintiff's (Gillard) initial letter to the school before admissions as dated on <u>June 29, 2002</u>.

2. According to the **<u>ADA Rules</u>**, the Defendants (SNESL) violated the following civil rights of the Plaintiff (Gillard):

   1. **<u>Timeline of Documentation</u>:** According to the Office of Civil Rights, the US Department of Education, ADA and 504 Rules and Regulations, most secondary schools must have a person called a Section 504 Coordinator, ADA Coordinator or Disability Services Coordinator. The Defendants (SNESL) violated this rule because they did not have a person to serve in the capacity during the Plaintiff's (Gillard) tenure from <u>September 2002</u> through <u>June 2003</u>. Because of this rule violation, the Plaintiff (Gillard) had difficulty researching and finding a licensed psychologist, who evaluated adult disabled learners in a post secondary setting in a timely manner, without the academic assistance from the Defendants (SNESL).

   3. **<u>Academic Adjustments, if not working appropriately</u>:** According to the OCR, US Department of Education, if the academic adjustment is not working, the school should work with the student to identify an appropriate academic adjustment. The Defendants (SNESL) violated this rule with extreme prejudice because the defendants dismissed the Plaintiff (Gillard) without neither waiting for her evaluation to be completed as dated on <u>May 7, 2003</u>, nor conducting their own assessment, or offering an academic probation to re-take the two courses

        based on the academic dismissal notice and appeals process from <u>May 12, 2003</u> through <u>June 9, 2003</u>.

4. **Required Academic Adjustments by the School:** According to the OCR, Rules and Regulations, colleges and universities are required to provide students with appropriate adjustments (e.g. taped texts, note-takers, interpreters, readers, and specialized computer equipment.) The Defendants (SNESL) violated this rule because of the following: (1) the Defendants did not have a person called a Section 504 Coordinator, ADA Coordinator or Disabled Services Coordinator to further assist the Plaintiff's academic needs, and (2) the Defendants dismissed the Plaintiff before the initial evaluation was completed as dated on <u>May 7, 2003</u>, and failed to wait and review the Plaintiff's (Gillard) further review of the initial evaluation that instructed a "reader" for exams as dated on <u>April 22, 2004</u>.

3. **Negligence: Intentional Infliction of Emotional Distress (By SNESL Faculty, Irene Scharf, and Institution):** According to the OCR laws, both Section 504 and Title II (ADA) make unlawful for people to harass those because of their disability. The Defendants (SNESL) violated this rule because an assigned law advisor, the Torts Instructor, Irene M. Scharf, accused the Plaintiff (Gillard) of stalking her as a retaliatory act against the Plaintiff because the Plaintiff asserted herself with a learning disability concern, and requested to the Associate Dean a Legal Writing class transfer without Scharf's approval as dated on <u>November 16, 2002</u>. The accusation of stalking was told to the Plaintiff (Gillard) by the

Defendant (Dean Robert Ward) because the Defendant (Ward) believed the stalking accusation to be true based on a written letter by Scharf that was given to him by Associate Dean Michael Hillinger. Then, the Defendant (Ward) scheduled a mandatory meeting between the Plaintiff (Gillard) and the Defendant (Dr. Christine Frizzell) at the University of Massachusetts at Dartmouth on February 3, 2003. Once this stalking accusation was confirmed by the Defendant (Frizzell), who is not a psychologist of the Plaintiff, to the Plaintiff (Gillard), the Defendants (Scharf) unapproved class transfer substantiated this stalking accusation. After the Plaintiff (Gillard was intentionally defamed and emotionally distressed by this stalking accusation, the Defendants (SNESL) did the following:

1. On February 3, 2003, the date of the stalking accusation, told the Plaintiff (Gillard) not to say anything about the matter, specifically the Plaintiff's involvement with the Defendant (Scharf);

2. On February 3, 2003, the date of the stalking accusation, transferred the Plaintiff (Gillard) from the Defendants (Scharf) class because of the Plaintiffs request to prevent further harassment (e.g. verbal assault and defamation) by the Defendant (Scharf); and

3. On February 4, 2003, after the acknowledgement and confirmation of the stalking accusation, the Defendants (Ward) sent the Plaintiff (Gillard) an email stating that this incident never happened (e.g. a misunderstanding).

4.  Under the **(ADA) Rules**, the Defendants (SNESL) have proven to be a fraudulent misrepresentation of a legal institution, ethically and legally, because the Defendants (SNESL) grossly violated the Plaintiff's (Gillard) civil rights as an adult disabled learner based on an academic dismissal, citing poor performance (a diagnosed learning disability), and nature of circumstances (defamation).

B.  **Defendant**

The defendant denies that it discriminated against the plaintiff on the basis of a handicap and denies that it negligently or intentionally inflicted emotional distress on her.

1.  **Handicap Discrimination.** The plaintiff was a student at Southern New England School of Law from September 2002 to June 2003 when she was dismissed for failure to meet minimum academic requirements. The plaintiff was taking a reduced course load which included Torts, Property, Legal Writing, and Legal Methods. At the end of the first semester her marks were:

| Course | Mark |
|---|---|
| Property | 58 |
| Torts | 64 |
| Legal Writing | 75 |
| Legal Methods | 66 |

These marks were unsatisfactory and the plaintiff was referred to the academic support program. She requested transfers into different sections of Torts and Legal Writing, which requests were granted.

In May, 2003 she consulted a psychologist to be tested for possible learning disabilities. The plaintiff's psychologist concluded that the plaintiff had "an Attention Deficit Disorder diagnosis and has weakness in the areas of visual speed, visual perception and working

memory." She recommended that the defendant accommodate the plaintiff by giving her an extra hour on her final exams and allowing her to use a computer. The defendant granted both requests for accommodations. The plaintiff's final marks were:

    Property          54

    Torts               59

    Legal Writing   69

On June 26, 2003 the plaintiff was dismissed for her poor academic performance. It is the defendant's position that to the extent it was required to make reasonable accommodations for the plaintiff, it made every accommodation she and her psychologist requested. The plaintiff's claim that the defendant did not provide her with a "reader" to read her the questions on the exams is correct because neither she nor her psychologist ever requested that she be provided with a "reader." The plaintiff apparently underwent additional testing in April 2004 and as a result of these tests her psychologist thought that a "reader" might be helpful. This recommendation, however, came ten months after she was dismissed and was never communicated to the defendant.

    2.    **<u>Infliction of Emotional Distress</u>**. The plaintiff claims that her psychologist told her that one of the plaintiff's professors thought that the plaintiff was "stalking" her. When the plaintiff brought this to the attention of Dean Robert Ward the next day, he corrected her misunderstanding and he told her that no such accusation had been made.

## II.    JOINT DISCOVERY PLAN

        Interrogatories and Document        May 31, 2005
        Requests Served

|  |  |
|---|---|
| Depositions Completed | June 30, 2005 |
| Expert Disclosures | |
|     Plaintiff | June 30, 2005 |
|     Defendant | July 31, 2005 |

### III. MOTION SCHEDULE

|  |  |
|---|---|
| Motion for Summary Judgment Filed | Plaintiff proposes August 30, 2005 |
|  | Defendant proposes September 30, 2005 |

## IV. TRIAL BY MAGISTRATE JUDGE

The plaintiff does not consent to trial by a magistrate judge. The defendant does consent.

|  |  |
|---|---|
|  | SOUTHERN NEW ENGLAND SCHOOL OF LAW |
|  | By its attorneys, |
| /s/ | /s/ |
| LISA GILLARD, PRO SE<br>P.O. Box 990695<br>Boston, MA 02199<br>(773) 425-0307 | Allen N. David, BBO #115000<br>Elizabeth A. Houlding, BBO #645981<br>PEABODY & ARNOLD LLP<br>30 Rowes Wharf<br>Boston, MA 02110<br>(617) 951-2100 |
| Dated: | Dated: |

PABOS2:ADAVID:612214_1
9502-91139