UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA J. GILLARD<br>　　　　　Plaintiff<br><br>v.<br><br>SOUTHERN NEW ENGLAND SCHOOL OF LAW<br>　　　　　Defendant | DOCKET NO. 05-10244-RCL |

## OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY PHASE

The Defendant hereby objects to the Plaintiff's Motion to Extend the Discovery Phase for an additional 60 days until August 30, 2005. Grounds for the Opposition are set forth below.

1. Discovery in this matter is to be completed by June 30, 2005. The Plaintiff agreed to that deadline at the scheduling conference held before Judge Lindsay on May 5, 2005, and the Defendant has done its best to meet that deadline.

2. The Plaintiff's responses to written discovery were due on June 4, 2005, and the Defendant noticed her deposition for June 21, 2005.

3. On June 16th, defense counsel spoke with the Plaintiff and agreed to her request to reschedule her deposition from June 21st to Friday, June 24, 2005. The Plaintiff agreed to appear in Boston for her deposition, and stated that she had appointments in Boston on the morning of June 23rd and that June 24th was more convenient for her. The Plaintiff did not say that she was unable to travel to Boston for her deposition.

4. On June 23rd the Plaintiff sent an e-mail to defense counsel's assistant in which she stated that "due to an extreme emergency here in Chicago, I am unable to make the scheduled depositions." She did not attempt to call defense counsel, and she did not inform defense counsel of the nature of the emergency or her inability to travel to Boston. Defense counsel immediately responded to her e-mail, and advised Plaintiff that we could not agree to extend the discovery deadline and asked that she provide dates for her deposition in July. Plaintiff has not responded to that request and has not provided any further dates for her deposition.

5. On June 29, 2005, defense counsel received the Court's electronic notification that the Plaintiff has filed a letter/motion requesting an additional 60 days for discovery. Plaintiff has not served a copy of the motion on the Defendant.

6. Defense counsel received Plaintiff's written responses to discovery by mail, together with her written discovery requests on June 29, 2005.

7. The Plaintiff made no attempt to confer with counsel as to her request to extend the discovery deadline, and until reading the motion received by electronic notification on June 29th, defense counsel was unaware that the Plaintiff now claims she cannot travel to Boston for her deposition. If Plaintiff is financially unable to travel to Boston, then she should have informed defense counsel of this situation when they spoke by telephone on June 16th, rather than waiting until the day before the discovery deadline.

8. In the interest of resolving this dispute, the Defendant requests that the Court deny Plaintiff's Motion. Defense counsel is willing to discuss this issue with the Plaintiff, and, if necessary, to seek permission to travel to Chicago for the Plaintiff's deposition. The Defendant will also respond to Plaintiff's written discovery requests received on June 29th.

9. If the Plaintiff cooperates, all of this can be accomplished in the month of July, and there is no need to extend the discovery deadline.

Respectfully submitted,

SOUTHERN NEW ENGLAND SCHOOL OF LAW,

By its attorneys,

/s/Elizabeth A. Houlding
_____
Allen N. David, BBO # 115000
Elizabeth A. Houlding, BBO # 645981
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA  02110

Dated: June 30, 2005

PABOS2:EHOULDI:617854_1
9502-91139