UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA J. GILLARD<br>   Plaintiff<br><br>v.<br><br>SOUTHERN NEW ENGLAND SCHOOL OF LAW<br>   Defendant | DOCKET NO. 05-10244-RCL |

### AFFIDAVIT OF ALLEN N. DAVID

I, Allen N. David, do on oath hereby depose and say:

1. I am counsel for the defendant Southern New England School of Law in this case.

2. Attached as Exhibit A is a copy of the Defendant's First Set of Interrogatories to be Answered by the Plaintiff.

3. Attached as Exhibit B are the plaintiff's Answers. The defendant received the Answers unsigned.

Signed under the penalties of perjury this 3rd day of August, 2005.

              /s/Allen N. David
              _____
              Allen N. David

PABOS2:ADAVID:619490_1
9502-91139

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA J. GILLARD<br><br>        Plaintiff<br><br>v.<br><br>SOUTHERN NEW ENGLAND SCHOOL OF LAW<br><br>        Defendant | DOCKET NO. 05-10244-RCL |

**DEFENDANT'S FIRST SET OF INTERROGATORIES
TO BE ANSWERED BY THE PLAINTIFF**

<u>INTERROGATORIES</u>

1. State your name, residential address, business address, and occupation.

2. With respect to any physician or psychologist you claim to have consulted in connection with your alleged learning disability, state:

    (a) the person's name and business address;

    (b) the dates of treatment or consultation; and

    (c) the diagnosis, if any, rendered by such person.

3. State the learning disability or disabilities you claim you have, and with respect to each describe how it affects your ability to learn.

4. Identify each post-secondary school you have attended and with respect to each state the years of attendance, your program of study, and the degree, if any, you received.

5. Identify each job you have held from 1999 to date, and with respect to each state the address of your employer, give a description of your duties, and state the rate of your compensation.

6. State the basis for your claim that Professor Irene Scharf accused you of "stalking," including in your answer how you learned of the alleged accusation, and from whom you learned of the alleged accusation.

7. Describe any communications, written or oral, you had with any of the following individuals regarding any alleged accusation that you were "stalking" Professor Scharf. Include in your answer the date of the communication, and state whether it was written or oral:

    (a) Irene Scharf;

    (b) Robert Ward;

    (c) Christine Frizzell;

    (d) Dorothy Brown; and

    (e) Michael Hillinger.

8. Itemize all damages you claim you have sustained as a result of the conduct you allege in your complaint.

9. Describe any physical harm -- as opposed to emotional harm -- you claim you have sustained as a result of the conduct you allege in your complaint.

10. With respect to your answer to the above interrogatory, identify by name and address every physician who has treated you for such physical harm.

11. With respect to any request you made to the defendant for any accommodation for your alleged learning disability, state:

    (a) the specific request you made;

    (b) the date on which you made it; and

    (c) whether the defendant extended the accommodation you requested.

12. Identify each person whom you expect to call as an expert witness at trial and with respect to each such expert state the subject matter on which the expert is expected to

2

testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each opinion.

SOUTHERN NEW ENGLAND SCHOOL OF LAW,

By its attorneys,

*/s/ E.A. Houlding*

Allen N. David, BBO # 115000
Elizabeth A. Houlding, BBO # 645981
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110

Dated: 5/5/05

613285_1
9502-91139

**CERTIFICATE OF SERVICE** / hand delivery

I hereby certify that I served a copy of the foregoing pleading on all parties by ~~mailing same, postage prepaid,~~ to all counsel of record.
Signed under the pains and penalties of perjury
DATED: 5/5/05 */s/ E.A. Houlding*

3

**EXHIBIT B**

UNITED STATES DISTRICT COURT OF THE DISTRICT OF MASSACHUSETTS

Lisa J. Gillard

                                            CIVIL ACTION

            Plaintiff

                                            No Jury Trial Demand
v.                                          05-10244-RCL

Southern New England School of Law

           Defendant

**Defendant's First Set of Interrogatories**
**Answered by the Plaintiff**

1.   Lisa J. Gillard
   Residential Address: Homeless
   Business Address: P.O. Box 5213, Chicago, IL 60680-5213 and
   P.O. Box 990695, Boston, MA 02199
   Occupation: Unemployed

2.   a. Dr. Christine Frizzell, University of Massachusetts 285 Old Westport Road, North Dartmouth, MA 02747-2300
   b. 02/03/03
   c. No diagnosis.

   a. Dr. Dorothy B. Brown, 2128 Main Road, Tiverton, RI 02878
   b. 05/01/03, 05/07/03, and 04/21/04
   c. Attention Deficit Disorder, Weakness of Memory, Visual Organization, Visual Perception, and Visual Speed, and Instructions to have a Reader for all exams.

3.   I am a person with a learning disability. I specifically read in reverse or visualize concepts in a reversal order. In addition, in the materials that I read particularly under stressful situations like an exam, I tend to read the materials in one way and visual it in another. Ironically, I think that I reading correctly because I can verbally explain the concept out loud, but the test results demonstrate otherwise. Under extreme stressful situations my brain is like an engine that cannot shut down. Because of this, I tend to loose focus, become overly anxious, mentally, emotionally, and physically tired. I usually have lots of headaches and muscle

aches too. If the environment is hostile or if I feel mentally, emotionally or physically threatened, the wires in my brain overact. I either shut down completely in silence or feel the need to communicate a lot verbally or in writing about the problem because my brain refuses to relax under any stressful situation. Particularly, learning can be a challenge for me when I am feeling misunderstood or threatened as explained in the above sentences.

4. **Northeast Mississippi Community College**
   Cunningham Boulevard
   Booneville, MS 38829
   Years: 1985-1987
   Major: Music/ Instrumentalist

b. **University of Mississippi**
   Oxford Main Campus
   University, Mississippi 38677
   Years: 1987-1989
   Major: Music/Instrumentalist
       Political Science
       English

c. **Columbia College Chicago**
   600 South Michigan Avenue
   Chicago, IL 60606
   Years: 1989-1991
   Major: Liberal Arts
   Degree: Bachelor's of Arts.

d. **University of Illinois, Chicago**
   801 South Morgan Street
   Chicago, IL 60607
   Years: 1991-1996
   Major: English
   Degree: Master's of Arts

e. **Southern New England School of Law**
   333 Faunce Corner Road
   North Dartmouth, MA 02740
   Years: 2002-2003
   Major: Law

f. **Bridgewater State College**
   131 Summer Road
   Bridgewater, MA 02325
   Years: Fall 2003 and Winter 2004
   Major: School Administration

5. **Prologue, Inc.**
   640 West Irving Park Road
   Chicago, IL 60613
   Year: 1999
   Title: Adult Learning Coordinator
   Volunteer Coordinator
   English Instructor
   Annual Salary: $31,000

b. **Harold Washington College**
   30 East Lake Street
   Chicago, IL 60611
   Year: 1999
   Title: Adjunct English Instructor
   Annual Salary: $1371 per course

c. **Chicago Area Project**
   55 East Jackson Blvd.
   Suite 900
   Chicago, IL 60604
   Year: 2001
   Title: Statewide Coordinator
   Annual Salary: $2,500 per month

d. **Bristol Community College**
   777 Elsbree Street
   Fall River, MA 02720
   Year: 2003
   Title: Adjunct Writing Instructor
   Annual Salary: $751 per course

e. **Barry Shuster Informational Services**
   P. O. Box 79578
   North Dartmouth, MA 02747
   Year: Summer 2003
   Title: Property Search Analyst
   Annual Salary: $1,957 (8 week period)

f. **Northeastern University**
   Department of English
   406 Holmes Hall
   Boston, MA 02115-5000
   Year: 2004
   Title: Adjunct Writing Instructor
   Annual Salary: $3,000 per course

g.   **Roxbury Community College**
     1234 Columbus Drive
     Roxbury Crossing, MA 02120-3400
     Year: 2005
     Title: Adjunct Writing Instructor
     Annual Salary: $2,253 per course

6.   Professor Irene Scharf, an assigned law advisor, Torts Instructor, and Director of the Writing Program, wrongfully accused Ms. Gillard of stalking as a retaliatory act because Ms. Gillard, who as qualified person with a disability struggled in course materials, enforced a writing class transfer without her approval. Ms. Gillard learned of the allegations as told to her by Dr. Christine Frizzell, and Dean Robert Ward.

7.   a. **Professor Irene Scharf**: None.

     b. **Dean Robert Ward**: Oral and Written
     Oral communications, 02/03/03
     Ward told me about the allegations and gave me instructions on the matter.
     Written communications, 02/04/03
     Ward sent an email with further instructions on the matter.

     c. **Dr. Christine Frizzell**: Oral
     Oral communications, 02/03/03
     Frizzell told me about the allegations, told me about the letter and the Dean's instructions to her about the matter.

     d. **Dr. Dorothy B. Brown**: Written
     Written communications, 02/04/04 through 05/12/04
     Communications with Dr. Brown regarding these legal matters and support in terms of testifying on my behalf, further evaluation matters and other school matters, problems with the culture and environment beyond SNESL

     e. **Dean Michael Hillinger**: Written
     Written communications, 05/16/03 and 06/09/03
     Written communications with Hillinger only during the appeals process because he refused to meet with me in-person to discuss the matter.

     f. **Professor Frances Rudko**: Oral
     Oral communications, 02/04/03 to 06/26/03
     Professor Rudko, my new advisor, was made aware of the stalking allegations and the wrongful acts retaliatory acts by the school. She encouraged me to stay strong and pray.

     g. **Chief Judge Elizabeth LaStaiti**, Bristol Probate Court: Oral and Written
     Oral communications, 04/01/2003 to 06/26/03

       Judge LaStaiti was a mentor, and she was aware of my academic struggles at the school because we preparing a mentorship program project for me in her Court. Written communications, 06/09/03
       Judge LaStaiti reviewed my final appeal to the school and approved of the reading and processing materials for me.

8.     An itemized budget will be sent for review at a later date.

9.     Physical Harm: Headaches, Backaches, Body aches and neck pains.

10.    None.: As a spiritualist and herbalist, I do not prescribe to medical doctors unless there is a major medical emergency that requires specific medical attention.

11.    **a.** Extra Time, Private Room and Computer Usage

      **b.** 05/07/03

      **c.** Yes.

12.    Currently, I am consulting with various licensed psychologist, who may be interested in the case in terms of disability and effects of retaliation to disability claims. Upon further discovery and confirmation, the names of these individuals once confirmed will be disclosed.