UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA J. GILLARD<br>    Plaintiff<br><br>v.<br><br>SOUTHERN NEW ENGLAND SCHOOL OF LAW<br>    Defendant | DOCKET NO. 05-10244-RCL |

## OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF AMENDED COMPLAINT

  The Defendant hereby opposes the Plaintiff's "Motion for Reconsideration of Amended Complaint." Grounds for the opposition are set forth below.

  On August 8, 2005, defense counsel received plaintiff's "Motion for Reconsideration of Amended Complaint," which consists of the plaintiff's proposed amended complaint in this matter. Discovery closed in this matter on June 30, 2005. The defendant served its Motion for Summary Judgment on August 3, 2005. The plaintiff has advised defense counsel that she plans to oppose the summary judgment motion.

  The plaintiff's motion for reconsideration should be denied. Leave to amend must be denied when amendment would be futile or would reward undue delay. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). Once a motion for summary judgment has been filed, a motion for leave to amend will be allowed only if the plaintiff can provide "substantial and

convincing evidence" in support of the proposed amendment.  Id.  In this case, the proposed amendment would be futile and the motion to amend is not supported by "substantial and convincing evidence" as required under Resolution Trust.  Id.

In the proposed amended complaint, the plaintiff has recharacterized her emotional distress claim as a claim for retaliation under the Americans with Disabilities Act ("ADA").  It is clear that the alleged "retaliation" is the same as the allegation that Professor Scharf accused the plaintiff of stalking her in February 2003.[1]  The "stalking" allegation arose in February 2003, and the plaintiff's discrimination claim arose in May 2003.  The plaintiff cannot logically or legally have a retaliation claim that predates her alleged claim of disability and request for accommodation in May 2003.  The defendant cannot have retaliated against the plaintiff on the basis of a learning disability or request for accommodation before she had claimed she was disabled or before she had requested any accommodation.

Moreover, if the defendant's motion for summary judgment is allowed, any amendment is both moot and futile.  If the defendant prevails on its motion for summary judgment, this will constitute a ruling, as a matter of law, that the plaintiff has not made out a claim for discrimination under the ADA.  If the plaintiff has no claim under the ADA, she has no claim for retaliation.  Therefore, if the summary judgment motion is allowed, any amendment of the complaint is both futile and moot.  If the Court denies the defendant's motion for summary judgment, any proposed amendment of the complaint can be revisited at that time.

---

[1] Professor Scharf denies having accused the plaintiff of stalking her.  The plaintiff's "stalking" claim is discussed in further detail in the defendant's Memorandum in Support of its Motion for Summary Judgment.  The defendant respectfully refers the Court to pages 10 to 14 of the Memorandum for a more detailed discussion of this issue.

WHEREFORE, the defendant respectfully requests that the Court deny the plaintiff's motion for reconsideration.  In the alternative, if the Court is inclined to allow the plaintiff to amend her complaint, the defendant respectfully requests that the Court deny the plaintiff's motion for reconsideration without prejudice until the Court has decided the defendant's motion for summary judgment.

                Respectfully submitted,

                SOUTHERN NEW ENGLAND SCHOOL OF LAW,

                By its attorneys,

                /s/Elizabeth A. Houlding
                _____
                Allen N. David, BBO # 115000
                Elizabeth A. Houlding, BBO # 645981
                Peabody & Arnold LLP
                30 Rowes Wharf

Dated:  August 10, 2005              Boston, MA  02110

PABOS2:EHOULDI:620342_1
9502-91139