UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
Lisa J. Gillard,                    )
            Plaintiff,              )
                                    )
v.                                  )   Civil Action No. 05-10244-RCL
                                    )
Southern New England School of Law, )
            Defendants.             )
_____)

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

LINDSAY, DISTRICT JUDGE

Before the court is a motion for summary judgment filed by the defendant, Southern New England School of Law ("SNESL"), in a case involving a claim of disability discrimination by pro se plaintiff Lisa Gillard ("Gillard"). For the reasons set forth in this Order, the motion is GRANTED.

Under Fed. R. Civ. P. 56(c), a party is entitled to summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" if a reasonable jury could resolve the issue in favor of the nonmoving party and "material" if it might affect the outcome of the suit. *United States v. One Parcel of Real Property with Bldgs.*, 960 F.2d 200, 204 (1st Cir. 1992). In ruling on a motion for summary judgment, the court must "review the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor." *S. Union Co. v. Lynch*, 321 F. Supp. 2d 328, 331 (D.R.I. 2004); *see Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991). On the other hand, "[o]nce a properly documented motion has

engaged the gears of Rule 56, the party to whom the motion is directed can shut down the machinery only by showing that a trial-worthy issue exists." *Suarez v. Pueblo International*, 229 F.3d 49, 53 (1st Cir. 2000). Furthermore, "[e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *FDIC v Anchor Properties,* 13 F.3d 27, 30 (1st Cir. 1994) (quoting *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir. 1990)). "Brash conjecture, coupled with earnest hope that something concrete will materialize, is insufficient to block summary judgment." *Dow v. United Bhd. of Carpenters,* 1 F.3d 56, 58 (1st Cir. 1993), *quoted in Lennon v. Rubin,* 166 F.3d 6, 10 (1st Cir. 1999).

      In this case, the undisputed facts reveal that the plaintiff was dismissed from SNESL after one year because she failed to meet the school's minimum academic standards. She had a cumulative grade point average of 61.9 out of 100, she had failed two required courses, and she had grades below 70 in 15 out of the 19 credits taken. The plaintiff sued SNESL under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and the Rehabilitation Act of 1973, 29 U.S.C. § 794, alleging that SNESL failed to accommodate her learning disability, and that an accusation of stalking made by a professor constituted negligent or intentional infliction of emotional distress and was illegal retaliation related to her disability.

      I have reviewed the evidence in the light most favorable to the plaintiff and have drawn all reasonable inferences in her favor. I find that the plaintiff has not established a triable claim under the ADA or the Rehabilitation Act; therefore, the defendant is entitled to judgment as a matter of law on the discrimination claims. Under the ADA and the Rehabilitation Act, a "disability" is "a

physical or mental impairment that substantially limits one or more major life activities," or "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(2); 29 U.S.C. § 705(20)(B). The Supreme Court has defined "major life activities" as "those activities that are of central importance to daily life." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 197 (2002). The plaintiff has presented evidence that she has an "impairment," but has not presented evidence to demonstrate that her impairment "substantially limits one or more major life activities." Although she discusses the major life activities of learning and reading, she has not presented evidence to show that her impairment substantially limits those activities; on the contrary, the record shows that she has a bachelors degree and a masters degree in English, and that she has taught English at the college level. These facts undermine the plaintiff's claim that her impairment substantially limits her ability to learn and to read, and make her claim of a disability at most no better than a "conclusory allegation" or "improbable inference." Further, the plaintiff has not demonstrated that the defendant discriminated against her in any way. It is undisputed that the defendant granted every accommodation that she requested. Therefore, the defendant's motion for summary judgment is GRANTED, insofar as it applies to the ADA and Rehabilitation Act claims, including the retaliation claim.

Next, the plaintiff claims that the defendant committed the tort of intentional or negligent infliction of emotional distress. I find that the plaintiff has not presented evidence that makes triable either a claim for intentional infliction of emotional distress or negligent infliction of emotional distress.

As to intentional infliction of emotional distress, the plaintiff has not established a trialworthy issue as to any of the elements set forth in *Agis v. Howard Johnson Co.,* 371 Mass. 140, 144-145 (1976). Significantly, I find that the plaintiff has not demonstrated that the alleged conduct was "extreme and outrageous," was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community." Therefore, the defendant is entitled to judgment as a matter of law on the intentional infliction of emotional distress claim.

As to negligent infliction of emotional distress, I find that the plaintiff has not alleged facts that create a genuine dispute of material fact on any of the elements of negligent infliction of emotional distress summarized in *Gouin v. Gouin,* 249 F. Supp. 2d 62, 74 (D. Mass. 2003).

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED. The clerk shall enter a judgment for the defendant dismissing this action and terminate the case on the court's docket.

SO ORDERED.

/s/ REGINALD C. LINDSAY

United States District Judge

DATED: February 3, 2006